UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ABDUL QUDOOS AWAN, SABRINA
SALEHA AWAN, MICHAEL SHABBAZ AWAN,

              Plaintiffs,                     MEMORANDUM AND ORDER
                                                         12-CV-5092 (JG)

       -versus-

JUDITH T. KRAMER,

              Defendant.
-----------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        Abdul Qudoos Awan and his children, Sabrina Saleha Awan and Michael Shabbaz Awan, filed this *pro se* action pursuant to 42 U.S.C. § 1983 on October 11, 2012. Awan has paid the filing fee to commence this action. For the reasons discussed below, the court dismisses the complaint for lack of subject matter jurisdiction.

## BACKGROUND

        Awan and his children bring this action against Judith Kramer, the law guardian assigned to represent Sabrina and Michael's interests during an ongoing divorce and custody proceeding in New York state court. Awan, who is Sunni Muslim, alleges that Kramer, who is Jewish, discriminated against him and his children based on their religion and race. Compl. at 1-3, ¶¶ 2, 5, 11. Specifically, Awan alleges that Kramer concealed child abuse committed by Sabrina and Michael's mother, *id*. at 2-3 ¶¶ 8-11, 13, and cast him in a negative light in the reports that she presented to the state court. *Id*. at 3, ¶ 16. Awan asserts that Kramer "has a personal agenda against [him]" and is "going to make sure, through lying, deceit, and illegal means that [he] was never going to obtain custody." *Id*. at 4, ¶ 20.

Awan seeks (1) to initiate federal criminal proceedings against Kramer,[1] (2) to enjoin Kramer from contacting his children, (3) to enjoin Kramer from "interfering" in the pending custody action, (4) to enjoin Kramer to "surrender the entire file of the children" to the court, and (5) to temporarily bar Kramer from the practice of law. Awan further seeks costs and attorney's fees. *Id*. at 7.

PLAINTIFFS

Sabrina and Michael were respectively 10 and 3 at the time of the filing of the complaint. Compl. at 2, ¶ 4(B). As minors, they may not appear *pro se*. While a litigant in federal court has a right to act as his or her counsel, 28 U.S.C. § 1654, "[t]he choice to proceed *pro se* is not a true choice for minors who under state law, *see* Fed.R.Civ.P. 17(b), cannot determine their own legal actions." *Cheung v. Youth Orchestra Foundation of Buffalo, Inc*., 906 F.2d 59, 61 (2d Cir. 1990).[2] Accordingly, with respect to minors, "[t]here is . . . no individual choice to proceed *pro se* for courts to respect." *Id*.

To the extent that Awan seeks to bring this action on behalf of his children without representation by counsel, he may not do so. It is "a well-established rule in this Circuit that a parent not admitted to the Bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney High School Dist.*, 424 F.3d 281, 284 (2d Cir. 2005). In *Cheung*, the court observed: "It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." 906 F.2d at 61. The court further noted that "[t]o allow guardians to bring *pro se* litigation also

---

[1] A private citizen does not have a constitutional right to initiate or compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83 (1981).

[2] *Cheung* was referring to New York state law.

2

invites abuse." *Id*. Accordingly, plaintiffs Sabrina Saleha Awan and Michael Shabazz Awan are dismissed without prejudice from this action.

DISCUSSION

A. *Standard of Review*

District courts are required to read *pro se* complaints liberally; "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must therefore interpret the complaint "to raise the strongest arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (internal quotation marks omitted). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

B. *Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). Lack of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and may be raised at any time by a party or by the court *sua sponte*. *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties

either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed.R.Civ.P. 12(h)(3). The plaintiff, even if proceeding *pro se*, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007); *Ally v. Sukkar*, 128 Fed.Appx. 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

      1. *Domestic Relations Exception*

This court must decline jurisdiction over this action based on the domestic relations exception. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). "So strong is [the Supreme Court's] deference to state law in this area that [the Court] ha[s] recognized a domestic relations exception that divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). The exception further counsels that "it might be appropriate for the federal courts to decline to hear a case involving 'elements of the domestic relationship,' even when divorce, alimony, or child custody is not strictly at issue." *Id.* at 13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 705); *see also Mitchell-Angel v. Cronin*, No. 95-7937, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996) ("While the domestic relations exception itself is narrow, it applies generally to issues relating to the custody of minors.") (internal citations omitted). "Thus, while rare instances arise in which it is necessary to answer a

4

substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Id*.

The domestic relations exception finds its origin in an interpretation of the diversity jurisdiction of the federal courts. *Ankenbrandt*, 504 U.S. at 701-704 (1992). Awan alleges constitutional violations, invoking the jurisdiction of this court under federal question jurisdiction. But "[d]istrict courts in this Circuit have held that the exception includes civil rights actions directed at challenging . . . domestic relations proceedings." *Mitchell-Angel*, 1996 WL 107300, at *2 (citing *McArthur v. Bell*, 788 F.Supp. 706, 708 (E.D.N.Y. 1992); *Neustein v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y. 1990)).

Here, Awan is not technically challenging a divorce or child custody decree, which has yet to be issued. But the gravamen of his complaint is a dispute over the ongoing child custody proceeding, specifically Kramer's conduct as law guardian representing the interests of his children. As such, Awan does not present "a substantial federal issue that transcends or exists apart from the family law issue." *Id*. Rather, his constitutional claims "begin and end in a domestic dispute." *Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106 (2d Cir. Feb. 2, 2009); *see also Sullivan v. Xu*, No. 10-cv-3626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) ("[P]laintiff challenges child support and child custody orders. Although plaintiff invokes his constitutional rights, the substance of his claims concern state law domestic matters."). Therefore, I conclude that the domestic relations exception applies and I have no jurisdiction over this action.

2. Younger *Abstention*

Even if there were subject matter jurisdiction over Awan's claim, I would abstain from exercising that jurisdiction because the case concerns an ongoing proceeding in state court. Under the *Younger* abstention doctrine, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. New York State Commission on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). The Second Circuit has established a three-part test for determining when *Younger* abstention should apply. *Younger* abstention is mandatory when "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id.*; *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d. Cir. 2002).

Here, all three required elements for *Younger* abstention are satisfied. As to the first element, Awan's divorce and custody proceeding is presently pending in New York's Kings County Supreme Court.[2] The second element is also present; states have an important interest in cases involving determinations of parental rights and custody. *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *see also Neustein*, 732 F.Supp. at 341 ("[I]t hardly bears repeating that state courts have a paramount if not exclusive interest in child custody cases. . . . 'In this narrow area of the law, we should be especially careful to avoid unnecessary or untimely interference with the State's administration of its domestic policies.'") (quoting *Mendez v. Heller*, 530 F.2d 457, 461 (2d Cir 1976)).

---

[2] The Court takes judicial notice that the contested matrimonial action of <u>Awan, Abdul v. Awan Kazolea Olga</u>, Index No. 051662/2010, is currently pending in Kings County Supreme Court. *See WebCivil Supreme*, NEW YORK STATE UNIFIED COURT SYSTEM, http://iapps.courts.state.ny.us/webcivil (last visited Nov. 7, 2012).

6

The third element raises the question of "whether the plaintiffs' constitutional challenges may be raised in the pending state proceedings subject to conventional limits on justiciability." *Moore*, 442 U.S. at 423. The essence of Awan's factual allegations and claims for relief concern Kramer's fitness to serve as law guardian on behalf of his children. Awan has adequate opportunities to raise these concerns in the underlying state proceeding. He may appeal the Supreme Court's denial of his motions to disqualify Kramer as law guardian.[3] *Cf. Zirkind v. Zirkind*, 218 A.D.2d 745 (N.Y. App. Div. 1995) (holding lower court did not abuse its discretion in denying motion to disqualify law guardian). He may also challenge Kramer's conduct as law guardian in an appeal contesting the merits of the Supreme Court's ruling. *Cf. Carballeira v. Shumway*, 273 A.D.2d 753 (N.Y. App. Div. 2000) (upholding lower court's custody decree after considering but rejecting petitioner's challenge to law guardian's conduct, which alleged, *inter alia*, bias against petitioner). And as a general principle, New York courts are bound by the Federal Constitution; "notions of comity and federalism compel the assumption that the [state] [c]ourt is competent to hear and thoughtfully consider the plaintiff's constitutional challenges." *Thomas v. New York City*, 814 F.Supp. 1139, 1150 (E.D.N.Y. 1993) (citing *Pennzoil Co. v. Texaco*, 481 U.S. 1, 14-15 (1987)) (citation and internal quotation marks omitted). Therefore, Awan has opportunities to present his constitutional claim in the pending state court proceeding, including the right to appeal decisions made by the Kings County Supreme Court.

When dismissing a complaint, a court should ordinarily afford the plaintiff an opportunity to amend the pleading "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v.*

---

[3] The complaint states that "[t]here have been several motion [sic] made in the State Courts to remove the defendant as attorney for the children" and that "[a]ll remedies have been exhausted at the State Level, where action to remove the Law-guardian (defendant) has been denied/failed in the State Supreme Court." Compl. at 3, 5 at ¶¶ 15, 35.

7

*Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). I decline to afford that opportunity here because it is clear from the face of the complaint that additional drafting would not cure the lack of subject matter jurisdiction.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). The claims brought by Sabrina Saleha Awan and Michael Shabbaz Awan are dismissed without prejudice. Since the complaint has been dismissed, plaintiff's Motion for Temporary Restraining Order is denied as moot and the scheduling order issued on October 22, 2012 is hereby vacated. Fed.R.Civ.P. 16(b)(4).

Although Awan has paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
November 7, 2012